# EXHIBIT E



U.S. Department of Homeland Security
P. O. Box 77530
San Francisco, CA 94107-0000

U.S. Citizenship
and Immigration
Services

Date: AUG 10 2011



**Referral Notice**

Dear

This letter refers to your request for asylum in the United States (Form I-589).

Applicants for asylum must credibly establish that they have suffered past persecution or have a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, and that they merit a grant of asylum in the exercise of discretion.

For the reason(s) indicated below, U.S. Citizenship and Immigration Services (USCIS) has not granted your claim for asylum:

You have not established that you are a refugee because:

Past Persecution

You have not established that any harm you experienced in the past is on account of one of the protected characteristics in the refugee definition (race, religion, nationality, membership in a particular social group, or political opinion).

Future Persecution

You have not established that any future harm you fear is on account of one of the protected characteristics in the refugee definition (race, religion, nationality, membership in a particular social group, or political opinion).

Based on the above reasons(s), your asylum application has been referred to an immigration judge for adjudication in removal proceedings before the U.S. Department of Justice, Executive Office for Immigration Review. **This is not a denial of your asylum application.** You may request asylum again before the immigration judge and your request will be considered (without additional refiling) when you appear before an immigration judge at the date and time listed on the attached charging document. The determinations that we have made in referring your application are not binding on the immigration judge, who will evaluate your claim anew. This referral includes the dependents included in your asylum application, who are listed on the first page of this notice.

Page 2

If your asylum application was filed on or after January 4, 1995, the following information applies to you. More than 150 days have elapsed since your asylum application was first filed in accordance with 8 C.F.R. §§ 208.3 and 208.4. Therefore, you are currently eligible to apply for employment authorization pursuant to 8 CFR 274.a12(c)(8) as provided in 8 CFR 208.7, unless your asylum application is being referred to the immigration judge pursuant to 8 C.F.R. 208.10 for unexcused failure to appear or failure to provide a competent interpreter. If you fail to appear for the scheduled hearing before the immigration judge and such failure is not excused, employment authorization will not be granted. If your asylum application is denied by the immigration judge prior to a decision on the application for employment authorization, the application for employment authorization will be denied. No employment authorization will be issued prior to the expiration of 180 days following the date your asylum application was first filed in accordance with 8 C.F.R. §§ 208.3 and 208.4, not including any delays you requested or caused.

Sincerely,

*Danielle E.B. Lehman, SAO*

for Emilia Bardini
Director
SAN FRANCISCO ASYLUM OFFICE

RFGM January 2004

U.S. Department of Homeland Security
P. O. Box 77530
San Francisco, CA 94107-0000



**U.S. Citizenship and Immigration Services**

Date: **FEB 17 2012**



**Referral Notice**

Dear

This letter refers to your request for asylum in the United States (Form I-589).

Applicants for asylum must credibly establish that they have suffered past persecution or have a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion, and that they merit a grant of asylum in the exercise of discretion.

For the reason(s) indicated below, U.S. Citizenship and Immigration Services (USCIS) has not granted your claim for asylum:

After careful consideration of all available information and explanations at your asylum interview, your claim was deemed not credible on the basis of:

Material inconsistency(ies) between your testimony and application and/or other evidence.

Material inconsistency(ies) within your testimony.

Based on the above reasons(s), your asylum application has been referred to an immigration judge for adjudication in removal proceedings before the U.S. Department of Justice, Executive Office for Immigration Review. **This is not a denial of your asylum application.** You may request asylum again before the immigration judge and your request will be considered (without additional refiling) when you appear before an immigration judge at the date and time listed on the attached charging document. The determinations that we have made in referring your application are not binding on the immigration judge, who will evaluate your claim anew. This referral includes the dependents included in your asylum application, who are listed on the first page of this notice.

If your asylum application was filed on or after January 4, 1995, the following information applies to you. If you appeared in person on your scheduled appointment date to receive and acknowledge receipt of the decision, or you were informed not to appear in person, this referral has no effect on when you may apply for



Page 2

employment authorization. If an immigration judge does not deny your asylum application within 150 days of the date your asylum application was first filed in accordance with 8 C.F.R. §§ 208.3 and 208.4 (not including any delays in processing you may have sought or caused), then you will be eligible to submit a Form I-765 request for employment authorization. The earliest possible date you are eligible to apply for employment authorization is 5/20/12. Your failure to appear at a scheduled appointment will extend the period of time you must wait before you may apply for employment authorization by the number of days between the missed appointment and your appearance at a hearing before an immigration judge. If you fail to appear for the scheduled hearing before the immigration judge and such failure is not excused, employment authorization will not be granted.

Sincerely,

*Danielle B. Lehman SAO*
for Emilia Bardini
Director
SAN FRANCISCO ASYLUM OFFICE

RFGM January 2004

U.S. Department of Homeland Security
P. O. Box 77530
San Francisco, CA 94107-0000



U.S. Citizenship
and Immigration
Services

Date: MAY 17 2012

RE:

**Referral Notice**

Dear

This letter refers to your application for asylum in the United States (Form I-589). An applicant for asylum who files his or her application after April 1, 1998, must file within one year of the date of last arrival, unless there are changed circumstances that materially affect the applicant's eligibility for asylum or extraordinary circumstances directly related to the delay in filing. You filed your application for asylum on 3/26/12, but have not demonstrated with clear and convincing evidence that your application was filed within one year of your last arrival.

1. ☐ You have not demonstrated that an exception to the 1-year filing requirement applies in your case. In the period of time since April 1, 1997, no changes were found in applicable United States law, country conditions, or your circumstances that would materially affect your asylum eligibility. You also have not shown extraordinary circumstances directly related to your failure to file your asylum application within one year of your last arrival.

2. ☒ Although you have established changed circumstances materially affecting your eligibility for asylum, or extraordinary circumstances directly related to your delay in filing, you failed to file your application within a reasonable period of time given those circumstances.

Based on the above determinations that were made following your asylum interview, your application for asylum is being referred to an immigration judge for adjudication in removal proceedings before the U.S. Department of Justice, Executive Office for Immigration Review. **This is not a denial of your asylum application.** You may request asylum again before the immigration judge and your request will be considered (without additional refiling) when you appear before the immigration judge at the date and time listed on the attached charging document. Once you appear before the immigration judge, the judge will consider whether your application was timely filed or whether an exception to the filing deadline applies in your case. The determinations that we have made in referring your application are not binding on the immigration judge, who will evaluate your claim anew. This referral includes the dependents included in your asylum application, who are listed on the first page of this notice.

RFGM January 2004

www.uscis.gov



Page 2

**If your asylum application was filed on or after January 4, 1995, the following information applies to you.** If you appeared in person on your scheduled appointment date to receive and acknowledge receipt of the decision, or you were informed not to appear in person, this referral has no effect on when you may apply for employment authorization. If an immigration judge does not deny your asylum application within 150 days of the date your asylum application was first filed in accordance with 8 C.F.R. §§ 208.3 and 208.4 (not including any delays in processing you may have sought or caused), then you will be eligible to submit a Form I-765 request for employment authorization. The earliest possible date you are eligible to apply for employment authorization is **9/13/12**. Your failure to appear at a scheduled appointment will extend the period of time you must wait before you may apply for employment authorization by the number of days between the missed appointment and your appearance at a hearing before an immigration judge. If you fail to appear for the scheduled hearing before the immigration judge and such failure is not excused, employment authorization will not be granted.

Sincerely,

for Emilia Bardini
Director
SAN FRANCISCO ASYLUM OFFICE

RFGM January 2004

U.S. Department of Homeland Security
P. O. Box 77530
San Francisco, CA 94107-0000



U.S. Citizenship
and Immigration
Services

Date: MAY 17 2012



RE:

**Referral Notice**

Dear

This letter refers to your application for asylum in the United States (Form I-589). An applicant for asylum who files his or her application after April 1, 1998, must file within one year of the date of last arrival, unless there are changed circumstances that materially affect the applicant's eligibility for asylum or extraordinary circumstances directly related to the delay in filing. You filed your application for asylum on 3/26/12, but have not demonstrated with clear and convincing evidence that your application was filed within one year of your last arrival.

1. ☐ You have not demonstrated that an exception to the 1-year filing requirement applies in your case. In the period of time since April 1, 1997, no changes were found in applicable United States law, country conditions, or your circumstances that would materially affect your asylum eligibility. You also have not shown extraordinary circumstances directly related to your failure to file your asylum application within one year of your last arrival.

2. ☒ Although you have established changed circumstances materially affecting your eligibility for asylum, or extraordinary circumstances directly related to your delay in filing, you failed to file your application within a reasonable period of time given those circumstances.

Based on the above determinations that were made following your asylum interview, your application for asylum is being referred to an immigration judge for adjudication in removal proceedings before the U.S. Department of Justice, Executive Office for Immigration Review. **This is not a denial of your asylum application.** You may request asylum again before the immigration judge and your request will be considered (without additional refiling) when you appear before the immigration judge at the date and time listed on the attached charging document. Once you appear before the immigration judge, the judge will consider whether your application was timely filed or whether an exception to the filing deadline applies in your case. The determinations that we have made in referring your application are not binding on the immigration judge, who will evaluate your claim anew. This referral includes the dependents included in your asylum application, who are listed on the first page of this notice.

RFGM January 2004

www.uscis.gov


Page 2

**If your asylum application was filed on or after January 4, 1995, the following information applies to you.** If you appeared in person on your scheduled appointment date to receive and acknowledge receipt of the decision, or you were informed not to appear in person, this referral has no effect on when you may apply for employment authorization. If an immigration judge does not deny your asylum application within 150 days of the date your asylum application was first filed in accordance with 8 C.F.R. §§ 208.3 and 208.4 (not including any delays in processing you may have sought or caused), then you will be eligible to submit a Form I-765 request for employment authorization. The earliest possible date you are eligible to apply for employment authorization is **9/13/12**. Your failure to appear at a scheduled appointment will extend the period of time you must wait before you may apply for employment authorization by the number of days between the missed appointment and your appearance at a hearing before an immigration judge. If you fail to appear for the scheduled hearing before the immigration judge and such failure is not excused, employment authorization will not be granted.

Sincerely,


for Emilia Bardini
Director
SAN FRANCISCO ASYLUM OFFICE

RFGM January 2004