THOMAS R. BURKE (SBN 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: 415.276.6500
Facsimile: 415.276.6599
thomasburke@dwt.com

Attorneys for Plaintiff JEFFERY MARTINS
(additional counsel on next page)

MELINDA HAAG (CSBA 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
ABRAHAM A. SIMMONS (CSBN 146400)
Assistant United States Attorney

U.S. Attorney's Office/Civil Division
450 Golden Gate Avenue, 9th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7264
Facsimile:  (415) 436-6748
Email:  Abraham.simmons@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JEFFREY MARTINS, | Case No. C 13-00591 LB |
| Plaintiff, | SETTLEMENT AGREEMENT AND [PROPOSED] ORDER OF DISMISSAL |
| v. | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, an agency of the United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, in his official capacity as Director of United States Citizenship and Immigration Services; JANET NAPOLITANO, in her official capacity as Secretary of the Department of Homeland Security, | Action Filed: February 11, 2013 |
| Defendants. | |

1

**Additional Counsel for Plaintiff**

ROBIN L. GOLDFADEN (SBN 208055)
LAWYERS' COMMITTEE FOR CIVIL RIGHTS
 OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: 415.543.9444 ext. 201
Facsimile: 415.543.0296
rgoldfaden@lccr.com

In consideration of the terms set forth in this Settlement Agreement and the covenants and conditions contained herein (the "Agreement"), Plaintiff Jeffrey Martins ("Plaintiff") and Defendants United States Citizenship and Immigration Services (USCIS), United States Department of Homeland Security (DHS), Alejandro Mayorkas, in his official capacity as Director of USCIS, and Rand Beers (substituted for Janet Napolitano), in his official capacity as Secretary of the DHS, (collectively, "Defendants"), by and through their undersigned counsel, hereby agree as follows:

WHEREAS, on February 11, 2013, Plaintiff Jeffrey Martins ("Plaintiff") filed a Complaint in the United States District Court for the Northern District of California raising claims under the Freedom of Information Act and the Administrative Procedure Act,

WHEREAS, among the allegations in the complaint were statements that:

A. Plaintiff is an immigration attorney who has had a practice of submitting requests under the Freedom of Information Act (FOIA) to Defendant USCIS, an agency of Defendant DHS, for the Alien Files (A-Files) of his clients;

B. Plaintiff, with the consent of his clients, submitted FOIA requests for the individual A-Files of clients who had applied affirmatively for asylum and who had been referred for removal proceedings before the Immigration Court;

C. The FOIA requests for A-Files of individual clients included: NRC2012026531, submitted on or about March 26, 2012; NRC2012033089, submitted on or about April 12, 2012; NRC2012038580, submitted on or about May 1, 2012; NRC2012046553, submitted on or about May 23, 2012; NRC2012049919, submitted on or about June 1, 2012; NRC2012055907, submitted on or about June 15, 2012; NRC2012055854, submitted on or about June 15, 2012; NRC2012003177, submitted on or about January 19, 2012; NRC2012069832, submitted on or about July 27, 2012; NRC2012099752, submitted on or about November 1, 2012 (collectively, "Plaintiff's ten FOIA requests");

D. For each of Plaintiff's ten FOIA requests, responsive documents included notes taken by asylum officers to document their interviews of asylum applicants ("asylum officer interview notes");

E. In response to each of Plaintiff's ten FOIA requests, Defendants withheld the asylum officer interview notes and did not produce such notes to Plaintiff;

F. Plaintiff's Complaint requested that the Court grant declaratory and injunctive relief, including production of the withheld asylum officer interview notes, attorneys' fees and costs, and such relief as the Court found to be just and equitable.

WHEREAS, Defendants produced to Plaintiff, without redaction, the full set of asylum officer interview notes responsive to each of the Plaintiff's ten FOIA requests enumerated above;

WHEREAS, after good-faith negotiations, Plaintiff and Defendants (collectively, the "Parties") have agreed to resolve this matter including all claims that were made or could have been made in Plaintiff's Complaint filed in this action on February 11, 2013, upon the terms, and subject to the conditions, set forth in this Agreement.

IT IS HEREBY AGREED AS FOLLOWS:

1. The Parties agree that the above-entitled action shall be conditionally dismissed without prejudice upon the Court's execution of the instant proposed order in exchange for Defendants' agreement that, within three months from the date of execution of this Agreement, USCIS shall instruct officers, employees, and agents involved in the processing of FOIA requests, including those made by Plaintiff on behalf of his clients, for A-Files or for asylum officer interview notes specifically, that records reflecting information, instructions, and questions asked by officers and responses given by applicants in asylum interviews, consistent with the "Interviewing Part II – Note-Taking" lesson module of the Asylum Officer Basic Training Course, dated August 10, 2009, shall be produced. This instruction will preclude the withholding of such documents on the basis that asylum interview notes are generically protected by the deliberative process privilege by virtue of their status as asylum interview notes. This Agreement will not prevent the withholding or redaction of such documents on the basis of any other applicable privilege or FOIA Exemption.

By no later than three months after the Court executes its order conditionally dismissing this action in accordance with this paragraph, Defendants shall provide to the Court and Plaintiff's counsel written confirmation demonstrating their compliance with the terms of the Agreement.

2. The Parties agree that upon the execution of this Agreement and dismissal of the Complaint with prejudice, except as provided in paragraph 4 regarding attorneys' fees and costs, Plaintiff hereby releases and forever discharges Defendants, and their successors, the United States of America, and any federal employee, department or agency, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation regarding the FOIA requests enumerated in the Complaint ("Released Claims"). Such released claims include any and all claims raised in Plaintiff's Complaint filed on February 11, 2013, and any additional claims that, as of the date this agreement is signed, Plaintiff could have raised regarding the withholding of asylum officer interview notes covered by the FOIA requests enumerated in the Complaint. The Agreement bars further action on the Released Claims in any judicial or administrative forum.

3. The Parties acknowledge that this Agreement is entered solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as an admission by any party of the truth of any allegation or the validity of any claim asserted in this action. This Agreement shall not be used in any manner to establish or dispute liability for fees, amounts, or hourly rates in any other case. In addition, the Parties agree that none of the facts as alleged in paragraphs 52 through 61 of Plaintiff's Complaint filed February 11, 2013, shall be included in any subsequent action to serve as the basis for a claim by Plaintiff that Defendants are or have engaged in a pattern and practice of withholding of asylum officer interview notes in violation of the Freedom of Information Act or other laws, provided however that Plaintiff shall not be limited in his ability to seek enforcement of this Agreement and shall not be limited in his ability to file any future FOIA request or to dispute, appeal, challenge, or otherwise seek redress for any future withholding or redaction of records he requests under FOIA or otherwise.

4. The Parties shall continue to confer and attempt to reach agreement as to fees and costs. If no agreement is reached Plaintiff shall file a Motion for Attorney Fees and Costs by no later

than January 16, 2014. The parties agree that the Court shall retain jurisdiction for the purpose of resolving any motion for attorneys' fees and costs.

    5. This Agreement shall be binding on Plaintiff, Defendants, and all successors, assignees, employees, and all those working for or on behalf of Defendants. If any provision of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

MELINDA HAAG
United States Attorney

Dated this 18th day of November, 2013.

By:   ABRAHAM A. SIMMONS
Assistant United States Attorney
Office of the United States Attorney
for the Northern District of California
*For Defendants*

Dated this 18th day of November, 2013.

Thomas R. Burke
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111

Robin Goldfaden
Lawyers' Committee for Civil Rights of the
   San Francisco Bay Area
131 Steuart Street, Suite 400
San Francisco, CA 94105

*For Plaintiff*

IT IS SO ORDERED:

Dated this 19th day of November, 2013.

Honorable Laurel Beeler
United States District Judge
United States District Court for the Northern
   District of California

4

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER OF DISMISSAL
Case No. C 13-00591 LB